DAVID JAMES AND RACHEL TEMPLETON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Templeton v. Commissioner
Docket No. 16529-79.
United States Tax Court
T.C. Memo 1982-456; 1982 Tax Ct. Memo LEXIS 286; 44 T.C.M. (CCH) 737; T.C.M. (RIA) 82456; August 5, 1982. David James and Rachel Templeton, pro sese. Deborah M. Gehring, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1977 in the amount of $227.24. The sole issue presented for our decision is whether petitioners are not liable for self-employment tax because of their religious beliefs. Some of the facts were stipulated. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners are husband and wife and they resided in Rochester, Indiana, when they filed their petition. They filed a joint Federal income tax return for the taxable year 1977 with the Memphis Service Center of the Internal *287 Revenue Service at Memphis, Tennessee. During the taxable year 1977 petitioners earned net self-employment income aggregating $2,876.42. On their income tax return for 1977, they reported the self-employment income but did not pay self-employment tax. The Commissioner, in his statutory notice of deficiency, determined that petitioners were liable for self-employment tax. Petitioners filed applications for exemption from self-employment tax with the Internal Revenue Service, all of which were denied. Subsections (e) and (g) of section 1402 [1] provide exemptions from the tax on self-employment as follows: (e) Ministers, Members of Religious Orders, and Christian Science Practitioners.-- (1) Exemption.--Any individual who is (A) a duly ordained, commisioned, or licensed minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) or (B) a Christian Science practitioner, upon filing an application (in such form and manner, and with such official, as may be prescribed by regulations made *288 under this chapter) together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act), shall receive an exception from the tax imposed by this chapter with respect to services performed by him as such minister, member, or practitioner. (g) Members of Certain Religious Faiths.-- (1) Exemption.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which *289 make payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemptions may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence. (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision *290 for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. Petitioners are Christians who proclaim their beliefs in the Bible, but they are either ordained ministers nor members of a recognized religious sect, nor do they otherwise qualify under the above-quoted provisions. Under the facts of this case the petitioners do not qualify for exemption from self-employment tax, however sincere they may be in their beliefs. Petitioners contend that section 1402(g) is unconstitutional. This contention is without merit. ; . Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩